**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-10235**
**Summary Calendar**

**KATHY J. SPRINGS,**

**Plaintiff-Appellant,**

**VERSUS**

**CITY OF DALLAS, ET AL.,**

**Defendants-Appellees.**

Appeal from the United States District Court
For the Northern District of Texas
(3:91 CV 2569 P)

(August 25, 1995)

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Kathy Springs ("Springs") was an officer in the Dallas Police Department from August 11, 1975, until August 5, 1990. Her rank at the relevant times in question was senior corporal. On December 13, 1989, the Department decided to transfer the car assigned to Springs to the newly-formed Gang Task Force, because this car was

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

in the worst condition of the non-supervisors' cars. Later that day, Sergeant Cates advised Springs to clean her car prior to the transfer of the vehicle. Springs objected, complaining that no one else had to clean their car, arguing about seniority in the unit and proclaiming that she would fight the transfer. Springs protestations were made in the presence of a civilian and seven other employees of the Department. On the evening of December 13, 1989, Springs engaged in a telephone conversation with Detective Brown to discuss her displeasure over the car transfer. Springs allegedly informed Brown that she believed the transfer decision was made weeks before and that it involved Assistant Chief Rollins. Springs further told Brown that Lieutenant Hancock and Rollins had an apartment where they took their girlfriends for sexual activity, and that her car was taken from her because she would not sleep with Hancock. Furthermore, Springs informed Detective Steel about her beliefs regarding Rollins and Hancock and told Steel that her co-worker, Detective Baugh, and Hancock were sleeping together. Both Brown and Steel reported these conversations to their appropriate superiors which resulted in an investigation by the police department's Internal Affairs Department ("IAD"). IAD concluded that plaintiff was insubordinate to her supervisor and made improper comments regarding Rollins, Hancock and Baugh. The Chief of Police imposed a five-day suspension, which the City Manager later reduced to three days pursuant to the administrative appeal process. On February 5, 1990, Springs had neck surgery for injuries resulting from an off-duty auto accident in 1987.

Following this surgery, Springs did not return to work as a Dallas police officer, and ultimately took disability retirement in August of 1990. Springs filed suit against the City of Dallas and various individuals in the police department in November of 1991, alleging claims under Title VII, 42 U.S.C. § 2000(e), et seq., 42 U.S.C. § 1983, 42 U.S.C. § 1985, and various pendent state causes of action. After extensive discovery, defendants filed a motion for summary judgment in October of 1993 which the District Court ultimately granted in February of 1995.

We have carefully reviewed the briefs, the record excerpts, and relevant portions of the record itself. For the reasons thoroughly described by the District Court in its order entered February 9, 1995, we have concluded that the District Court's final judgment granting summary judgment in favor of the defendants should be in all things AFFIRMED.